11-4481-cv
Pierce v. Woldenberg

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand twelve.

PRESENT:  CHESTER J. STRAUB,
          ROBERT D. SACK,
          DENNY CHIN,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

SAMUEL PIERCE,
          Plaintiff-Appellant,

          -v.-                                11-4481-cv

RONA WOLDENBERG, M.D.,
          Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     SAMUEL PIERCE, pro se,
                             Philadelphia, Pennsylvania.

FOR DEFENDANT-APPELLEE:      HOWARD Z. ROBBINS (Brian J.
                             Gershengorn, on the brief),
                             Proskauer Rose LLP, New York, New
                             York.

Appeal from an order of the United States District Court for the Eastern District of New York (Feuerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Plaintiff-appellant Samuel Pierce, pro se, appeals from the district court's October 6, 2011, order, denying his motion for a preliminary injunction against defendant-appellee Rona Woldenberg, Assistant Dean for Admissions at Hofstra North Shore-LIJ School of Medicine at Hofstra University ("Hofstra"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

In 2010, Pierce applied for admission to several medical schools, including Hofstra. Each of his applications was denied. On August 4, 2011, Pierce sued Woldenberg in the United States District Court for the Central District of California. On August 19, 2011, Pierce moved for a preliminary injunction ordering his admission into Hofstra's medical program. On August 29, 2011, the action was transferred to the United States District Court for the Eastern District of New York. On October 6, 2011, the district court denied Pierce's motion for a preliminary injunction. On October 11, 2011, Pierce filed an interlocutory appeal from the district court's October 6, 2011, order. Notice of Appeal, Pierce v. Woldenberg, No. 11-cv-04248 (SJF) (AKT) (E.D.N.Y. Oct. 11, 2011), ECF Doc. No. 45.

On November 7, 2011, while the appeal was pending, defendants moved in the district court for judgment on the pleadings. On August 7, 2012, the district court granted defendant's motion for judgment on the pleadings, and on August 9, 2012, it entered judgment dismissing the complaint. On August

-2-

23, 2012, Pierce moved in the district court for an extension of time to file his notice of appeal from the district court's August 9, 2012, judgment -- from September 6, 2012, until "at least" October 25, 2012, or "indefinitely" -- "to fully preserve all rights to a second, entirely separate appeal, should it be necessary."  Letter Mot., Pierce v. Woldenberg, No. 11-cv-04248 (SJF) (AKT) (E.D.N.Y. Aug. 23, 2012), ECF Doc. No. 53.  On August 27, 2012, the district court denied Pierce's motion "because plaintiff [had] failed to make a showing of excusable neglect or good cause."  Order, Pierce v. Woldenberg, No. 11-cv-04248 (SJF) (AKT) (E.D.N.Y. Aug. 27, 2012), ECF Doc. No. 54.  Pierce never appealed from the district court's August 9, 2012, judgment, or from the August 27, 2012, order.

In these circumstances, because Pierce did not appeal from the district court's August 9, 2012, judgment, or August 27, 2012, order, and because Pierce's complaint has been dismissed and the merits decided against him, his request for preliminary relief is moot.  See Jennifer Matthew Nursing & Rehab. Ctr. v. U.S. Dep't of Health & Human Servs., 607 F.3d 951, 956 (2d Cir. 2010) ("An appeal becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (internal quotation marks omitted)); Ruby v. Pan Am. World Airways, Inc., 360 F.2d 691, 691-92 (2d Cir. 1966) (per curiam) (dismissing appeal from denial of preliminary injunction as moot where underlying complaint was dismissed).  The purpose of a preliminary injunction is to provide relief temporarily

pending resolution of a case on the merits.  See Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 645 (2d Cir. 1998) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (quoting Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981))).  Here, as the merits have already been decided against him, Pierce's appeal from the denial of his motion for preliminary relief is moot.

In any event, even assuming the request for injunctive relief is not moot, the district court did not err in denying Pierce's motion for a preliminary injunction because Pierce failed to establish his likelihood of success on the merits or a sufficiently serious question as to the merits of the case.  See Red Earth LLC v. United States, 657 F.3d 138, 143 (2d Cir. 2011).  We also conclude, for largely the same reasons, that any appeal taken from the dismissal of his complaint would have been similarly without merit.  Accordingly, we hereby **DISMISS** the appeal.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK